UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 21-106-DLB

JAMES D. PATE                                                                   PETITIONER

v.                      **MEMORANDUM OPINION
AND ORDER**

UNITED STATES OF AMERICA, et. al.                 RESPONDENTS

\*\*\* \*\*\* \*\*\* \*\*\*

Proceeding without an attorney, Petitioner James D. Pate has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 8).[1] By prior Order, the Court granted Pate's motion to proceed *in forma pauperis* and waived payment of the $5.00 filing fee. (Doc. # 11). Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

---

[1] Pate originally filed two separate handwritten documents, both styled as a "writ of habeas." (Docs. # 1, 5) However, by a prior Order, the Court advised Pate that he may not file his habeas petition piecemeal by presenting his claims and supporting factual allegations in multiple documents, but instead must include all of his arguments for relief in one petition using the Court-approved form. (Doc. # 7). He has now filed an "amended petition" (Doc. # 8) in compliance with that Order.

1

Pate is a federal pretrial detainee currently confined at the Laurel County Detention Center in London, Kentucky. On April 7, 2021, a federal grand jury in the United States District Court for the Eastern District of Tennessee issued an Indictment charging Pate with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At the time that the Indictment was issued, Pate was in the custody of the Warden at the South Central Correctional Center in Clifton, Tennessee.[2] Thus, a writ of habeas corpus *ad prosequendum* was issued by the federal court in Tennessee on May 6, 2021. On June 7, 2021, Pate appeared in federal court pursuant to the writ for his Initial Appearance and Arraignment. Pate waived the right to a detention hearing, reserving the right to move for a detention hearing at a late date. *See United States v. James D. Pate*, No. 3:21-cr-045-KAC-HBG-1 (E.D. Tenn. 2021) at Docs. # 1, 3, 4, 6, 8, 11.[3]

On September 29, 2021, pursuant to a plea agreement with the United States, Pate pled guilty to the sole count of the Indictment. *Id*. at Docs. # 24, 28, 29. As part of the plea agreement, Pate agreed "not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence," except for a § 2255 motion as to prosecutorial misconduct or ineffective assistance of counsel. *Id*. at Doc. # 24, p. 7. Pate is currently scheduled to be sentenced on March 11, 2022. *Id*.

In his § 2241 petition, Pate claims that the lack of a "pre-transfer" hearing before he was transferred from state to federal custody violated his rights under the Interstate

---

[2] *See* Tennessee Department of Correction, State Prison List, available at https://www.tn.gov/correction/sp/state-prison-list.html (last visited, March 9, 2022).

[3] The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

Agreement on Detainers Act ("IAD" or "IADA").  (Doc. # 8).  While the details provided by Pate are sparse (and some of his handwriting illegible), he states that "the IAD is being challenged.  I had no pre-release hearing as required by IAD (pre-transfer hearing)."  (*Id*. at 4).  Pate further explains that he "was transferred from S.C.C.F. to M.C.C.X. on 5-24-21.  On 5-26-21, I was transferred to Laurel County Corr. Center, custody of U.S. Marshals.  Upon leaving custody of [South Central Correctional Center], I was not informed prior of any detainer against me and was not given any pre-transfer hearing."  (*Id*. at 5).  According to Pate, the State of Tennessee and the federal government violated his 14th Amendment Due Process rights.  (*Id*.).  As relief, he seeks dismissal of his case with prejudice and release from federal and state custody, "as Tennessee released Plaintiff violating the IAD and losing jurisdiction."  (*Id*. at 8).  However, for the reasons stated herein, Pate's § 2241 petition will be denied because he is not entitled to relief under the IAD.

Pate invokes his rights under the IAD, an interstate compact entered into by the federal government and compacting states which "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime."  *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001).  However, federal habeas relief under 28 U.S.C. § 2241 is not available based upon an asserted violation of the IAD unless "the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  *Reed v. Farley*, 512 U.S. 339, 348 (1994); *see also Everett v. Bergh*, 477 F. App'x 325, 327 (6th Cir. 2012)

(recognizing that petitioner's claim that "the State violated the [IAD] by returning him to federal custody without trying him first and by taking too long to bring him to trial" is not cognizable on federal habeas review); *Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005) ("alleged violations of the Interstate Agreement on Detainers are not cognizable under either Section 2254, relating to state proceedings, and Section 2255, relating to federal proceeding … the same logic applies to claims under § 2241 regarding alleged violations of the compact on detainers."); *Metheny v. Hamby*, 835 F.2d 672 (6th Cir. 1987) ("[A] claimed violation of Article IV(e) of the IAD is not a fundamental defect which is cognizable under 28 U.S.C. § 2254").

Here, Pate makes no allegation that an IAD violation has caused him any actual prejudice with respect to either his state or federal charges, nor is any prejudice otherwise evident to the Court. *Mars v. United States*, 615 F.2d 704, 707 (6th Cir. 1980) (where the petitioner "failed to demonstrate that the transfers between state and federal custody caused him any actual prejudice," his IAD claims are not cognizable under a motion for § 2255 relief).[4] Because Pate fails to point to any harm resulting from an IAD violation, he does not demonstrate that any such violation qualifies as a "fundamental defect which

---

[4] In fact, to the extent that Pate seeks relief from his federal conviction due to an IAD violation via his request for "immediate release from federal custody" (Doc. # 8 at p. 8), he appears to have waived his right to do so in his plea agreement. *See United States v. James D. Pate*, No. 3:21-cr-045-KAC-HBG-1 (E.D. Tenn. 2021) at Doc. # 24, p. 7 (agreeing "not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence"). *Id*. at Doc. # 24, p. 7. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). *See also Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed*, 512 U.S. at 348.

More critically, Pate's claims fail because Pate was not transferred from state to federal custody pursuant to a detainer; rather, he was transferred pursuant to a writ of habeas corpus *ad prosequendum*. *See United States v. James D. Pate*, No. 3:21-cr-045-KAC-HBG-1 (E.D. Tenn. 2021) at Doc. # 4. The provisions of the IAD "are triggered only when a 'detainer' is filed with the custodial (sending) State by another State (receiving) having untried charges pending against the prisoner; to obtain temporary custody, the receiving State must also file an appropriate 'request' with the sending State." *United States v. Mauro*, 436 U.S. 340, 343–44 (1978). However, "a writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the [IAD]." *Id*. at 361. *See also United States v. Crozier*, 259 F.3d 503, 513 (6th Cir. 2001) (because the United States need not file a detainer in order to obtain custody over a state prisoner, and may instead seek a writ of habeas corpus *ad prosequendum*, it is not bound by the IAD's requirements unless it chooses to file a detainer); *Nettles v. Newaygo Cty. Jail*, No. 1:21-CV-997, 2021 WL 5772315, at *4 (W.D. Mich. Dec. 6, 2021) ("When the United States obtains a state prisoner by means of a writ of habeas corpus *ad prosequendum*—and does not also file a detainer—the provisions of the IAD simply do not apply.") (citing *Mauro*, 436 U.S. at 349). Thus, because Pate was temporarily transferred to federal custody via a writ of habeas corpus *ad prosequendum*, and not pursuant to a detainer, the IAD does not apply.

Finally, to the extent that Pate's § 2241 petition seeks his release from Tennessee custody, the only Tennessee "charges" to which Pate refers relate to his June 2015 Tennessee conviction for aggravated burglary, aggravated assault, and kidnapping, for

5

which he received a 10-year sentence.  (Doc. # 8 at 2).[5]  To the extent that Pate's Tennessee "charges" relate to a probation or parole violation in his 2015 criminal case, and not to any new charges pending against Pate, the IAD does not apply where the detainer is not based upon an original criminal charge, but for an alleged violation of the terms of probation or parole.  *Carchman v. Nash*, 473 U.S. 716, 726 (1985) ("We therefore conclude from the language of the Agreement that a detainer based on a probation-violation charge is not a detainer based on 'any untried indictment, information or complaint,' within the meaning of Art. III [of the IAD].").  *See also White v. United States*, No. 96-1298, 1997 WL 205615, at *2 (6th Cir. 1997) ("White was not protected by the IAD because the IAD did not apply to the parole violation charges.").

Regardless, because Pate was transferred to federal custody via a writ of habeas corpus *ad prosequendum*, and not pursuant to a detainer, the IAD does not apply.  Nor did Tennessee "lose" custody over him, as Pate claims in his petition.  Rather, pursuant to the writ, Pate is "merely 'on loan' to the federal authorities,' with the State retaining primary jurisdiction over [him]."  *United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017) (quoting *United States v. Casas*, 425 F.3d 23, 27 (1st Cir. 2005)).

For all of these reasons, it is evident from Pate's § 2241 petition that he is not entitled to relief.  Accordingly, it is **ORDERED** as follows:

---

[5]  Pate does not allege or otherwise suggest that he was in Tennessee custody based upon new charges for which he has not yet been tried.  Although the Court has an obligation to liberally construe a petition filed by a person proceeding without counsel, "liberal construction does not require a court to conjure allegations on a litigant's behalf."  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).  *See also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").  Moreover, even if he is subject to new Tennessee charges, he does not allege that he has filed a formal request under the IAD to require prompt resolution of the Tennessee charges against him, thus he has not carried his burden to show that he properly invoked the IAD in the first instance.

(1)     Pate's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 8) is **DENIED**;

(2)     This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3)     A corresponding judgment will be entered this date.

This 9th day of March, 2022.



Signed By:
*David L. Bunning*  DB
United States District Judge

M:\DATA\ORDERS\PSO Orders\6-21-106 Memorandum Opinion and Order.docx